# CASES DETERMINED

IN THE

# SUPREME COURT OF CALIFORNIA

BUT NOT

# OFFICIALLY REPORTED.

## ADAMS v. DE BOOM.

### No. 15,818; March 20, 1895.

#### 39 Pac. 858.

Actions—Consideration—Harmless Error.—Where two actions between the same parties were consolidated, and judgment rendered for plaintiff in one action, it is immaterial, on an appeal by defendant, that the complaint in the other action did not state facts constituting a cause of action.

Actions—Consolidation—Findings.—An action to enforce a contract to convey land in consideration of plaintiff's doing certain grading, and an action to recover for the grading in three counts—First, the reasonable value thereof; second, the price therefor under a written contract; and, third, the value of extra grading—were consolidated. The court found for defendant as to the first action, and for plaintiff as to the second, on the second count, and for $350 "in addition to said written contract." Held, that the finding of the additional sum related to and was supported by either the first or third count of the second action.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Two actions by Edward Adams against R. C. De Boom. The actions were consolidated, and from a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Gordon & Young for appellant; Andrew Craig and W. T. Craig for respondent.

J            (1)

VANCLIEF, C.—The plaintiff brought two actions against the defendant on alleged causes of action assigned to him by James McCoy (numbered in the superior court, respectively, 41,597 and 41,598), which, by stipulation of the parties, were consolidated and tried together as one action. No. 41,598 was an action to enforce specific performance of a written contract between defendant and McCoy, whereby the former, on specified conditions, agreed to convey to the latter a lot of land in the city of San Francisco. The consideration for the conveyance was estimated at $700, to be paid as follows: One-half ($350) by grading certain lots for defendant, as specified in the agreement, and the balance in cash. It was alleged in the complaint that the lots had been graded according to the agreement, and that plaintiff, as assignee of the contract, had tendered to defendant the balance of $350, and demanded a deed for the lot, and that defendant had refused to convey, etc. No. 41,597 was an action in three counts: The first to recover $472.50 as the reasonable value of work and labor done by McCoy for defendant in grading certain lots at defendant's request. The second count differs from the first only in that the work is alleged to have been done under special agreement, whereby the defendant promised to pay for the work at a certain price per day's work. The third count is for extra work in furnishing and dumping upon defendant's property, at his request, five thousand cubic yards of "extra earth," the reasonable value of which was ten cents per yard, amounting to $500. The court denied the equitable relief (specific performance) asked in No. 41,598, but found for plaintiff on the second count of the complaint in No. 41,597 in full, $472.50, and, in addition thereto, found $350 due plaintiff, but whether on the first or third count of No. 41,597 does not clearly appear, though it does appear that it was not for work done under the written contract of which specific performance was sought by No. 41,598. Upon these findings, judgment was rendered in favor of plaintiff for $822.50. The defendant appeals from the judgment, and from an order denying his motion for a new trial.

Counsel for appellant claims nothing on the appeal from the order, but on the appeal from the judgment contends: (1) That the complaint in No. 41,598 for specific performance does not state facts constituting a cause of action; and (2) that the findings do not support the judgment for a larger

sum than $472.50 founded on the second count of No. 41,597, and furnishes no foundation for the additional $350.

1. No relief was granted on the complaint in No. 41,598, and therefore it is immaterial to appellant whether that complaint states a cause of action or not.

2. That the finding of the additional $350 is a sufficient finding that defendant was indebted to plaintiff in that sum in addition to the sum of $472.50 is unquestionable; and the only intelligible objection to it made by appellant is that it is improperly founded on the complaint in No. 41,598. This, however, is negatived by the finding itself, which states that the indebtedness of $350 was for work and labor "in addition to said written contract," on which alone the complaint in No. 41,598 counted. Therefore, the finding in question must be attributed to the complaint in No. 41,597, and is sufficiently supported by either the first or the third count of that complaint. I think the judgment and order should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.